IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANDRES CANTILLO, | § | CASE NO. 16-34649-H2-7 |
| Debtor and Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 16-03252 |
| US DEPARTMENT OF EDUCTION, | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| NATIONAL COLLEGIATE TRUST | | |
| & NAVIENT PRIVATE LOAN | | |
| TRUST | | |
| Defendants | § | |

## FIRST AMENDED ORIGINAL COMPLAINT

To the Honorable U.S. Judge:

COMES NOW, Andres Cantillo (hereafter "Plaintiff") in the above entitled and

numbered case, and files this first amended original Adversary Complaint (hereafter

"Complaint") against U.S. Department of Education, JPMorgan Chase Bank, N.A., National

Collegiate Trust, and Navient Private Loan Trust (hereafter "Defendants"), seeking a declaration

that all or some of his student loans are dischargeable.

### The Parties

1.      The Debtor and Plaintiff is an individual that filed a voluntary Chapter 7 petition for

relief under Title 11 of the U.S. Code. Debtor resides in Houston, Fort Bend County, Texas

2.      The creditors and Defendants are entities doing business throughout the United States,

and may be served with process pursuant to the Federal Bankruptcy Rules of Civil Procedure

(hereafter "the Rules") as follows:

JPMorgan Chase Bank, N.A. at 1 E Ohio Street, In1 – 0905, Indianapolis, IN 46277;

National Collegiate Trust at the Prudential Tower, 800 Boylston Street, 34th Floor, Boston, MA 02199;

Navient Private Loan Trust at P.O. Box 9000 Wilkes-Barre, PA 18773-9000; and

U.S. Department of Education, Department of Education Building, 400 Maryland Avenue SW, Washington DC 20202.

3.      The Defendants will be served with a Summons and this Complaint in accordance with the Rules.  Also in conformity with the Rules, the following entities will be served with copies of the Summons and Complaint:

U.S. Trustee at 515 Rusk St # 3516, Houston, TX 77002;

U.S. Attorney at 1000 Louisiana St., Suite 2300, Houston, TX 77002; and

U.S. Attorney General at Department of Justice, Room B-103, 950 Pennsylvania Ave NW, Washington, DC 20530-0001.

## Jurisdiction

4.      This is a core proceeding pursuant to 11 U.S.C. § 157 (6)(2)(A),(b),(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409 (a).

6.      Further, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 154, 1334 and 11 U.S.C. § 105.

## Brief Statement of Facts

7.      Plaintiff is a 41 year old, divorced father of a three year old child.  He was divorced on November 13, 2015, and has been paying $785 in monthly child support since December 1, 2015.

8.      Plaintiff is an accountant by trade, and has been unemployed since May 5, 2016.. His work history is as follows:

| Employer | Job | Period | Reason for Termination | Highest Salary |
|----------|-----|--------|------------------------|----------------|
| Sears & Roebuck | Salesperson | Oct. 2001 to 2003 | Left to go to Wells Fargo | $7.25/hr. + Commission |
| Foley's (now Macy's) | Salesperson | Oct. 2001 to 2003 | Left to go to Wells Fargo | $7.25/hr. |
| Wells Fargo Bank | Cashier | 2003 - Aug. 2004 | Moved to new Position | $12/hr. |
| Wells Fargo Bank | Account Exec. | Aug. 2004 - Sept.2005 | Fired. Not enough sales. | $32,000/yr. |
| Chase Bank | Personal Banker | Jan. 2006 - Dec. 2006 | Resigned/back to school | $32,000/yr. |
| Spec's | Cashier | Temporary Work on and off | Temporary Work | $9.50/hr. |
| Univ. of Phoenix | Associate Prof. | 08/15/10-3/1/14 | On an as-needed basis | $1,200/class |
| Radio Shack Co. | Sales Associate | 12/15/12-3/10/14 | Got job at Schlumberger | $8.75/hr. |
| Schlumberger | Tax Accountant | 3/14/14-11/19/14 | Cancelled Project | $57,000/yr. |
| Deloitte & Touche | Senior Accountant | 1/26/15 – 5/5/16 | Cut Backs | $62,400/yr. |

9.    Plaintiff's post-secondary educational background is as follows:

| School | Period of Attendance | Degree Obtained |
|--------|----------------------|-----------------|
| Valparaiso University | Jan. '93 – Aug. '97 | BA (Bachelor of Arts) |
| University of Texas at Austin | Aug. '01–Aug. '06 | MM (Master's in Music) |
| University of Texas at Austin | Aug. '04–Dec. '08 | MBA (Master's in Business Admin.) |
| University of Texas at Austin | Jan. '09 – Aug. '10 | MPA (Master's in Professional Accounting) |

10.    It was during the course of the aforementioned studies that Plaintiff incurred the student

loan debt that is the subject of this Complaint.  The student loan debts were incurred as follows:

| No. | Creditor | Original Amount | Disbursement Date | College Attended |
|-----|----------|-----------------|-------------------|------------------|

| | | | | |
|---|---|---|---|---|
| 1 | Department of Education | $5,500.00 | 2/14/02 | University of Texas at Austin |
| 2 | Department of Education | $3,000.00 | 2/22/02 | University of Texas at Austin |
| 3 | Department of Education | $278.00 | 5/6/02 | University of Texas at Austin |
| 4 | Department of Education | $705.00 | 5/6/02 | University of Texas at Austin |
| 5 | Department of Education | $5,972.00 | 5/28/02 | University of Texas at Austin |
| 6 | Department of Education | $8,500.00 | 8/19/02 | University of Texas at Austin |
| 7 | Department of Education | $8,454.00 | 8/19/02 | University of Texas at Austin |
| 8 | Department of Education | $8,500.00 | 8/18/03 | University of Texas at Austin |
| 9 | Department of Education | $9,968.00 | 8/18/03 | University of Texas at Austin |
| 10 | Department of Education | $2,176.00 | 5/26/04 | University of Texas at Austin |
| 11 | Department of Education | $8,500.00 | 8/18/04 | University of Texas at Austin |
| 12 | Department of Education | $4,520.00 | 8/18/04 | University of Texas at Austin |
| 13 | Department of Education | $600.00 | 10/10/04 | University of Texas at Austin |
| 14 | Department of Education | $4,880.00 | 2/24/05 | University of Texas at Austin |

| | | | | |
|---|---|---|---|---|
| 15 | Department of Education | $4,250.00 | 1/24/06 | University of Texas at Austin |
| 16 | Department of Education | $4,601.00 | 1/24/06 | University of Texas at Austin |
| 17 | Department of Education | $700.00 | 1/30/06 | University of Texas at Austin |
| 18 | Department of Education | $5,718.00 | 6/23/06 | University of Texas at Austin |
| 19 | Department of Education | $5,681.00 | 6/23/06 | University of Texas at Austin |
| 20 | Department of Education | $4,250.00 | 9/1/06 | University of Texas at Austin |
| 21 | Department of Education | $4,213.00 | 9/1/06 | University of Texas at Austin |
| 22 | Department of Education | $4,250.00 | 2/8/07 | University of Texas at Austin |
| 23 | Department of Education | $4,213.00 | 2/8/07 | University of Texas at Austin |
| 24 | Department of Education | $1,500.74 | 7/9/07 | University of Texas at Austin |
| 25 | Department of Education | $6,694.00 | 7/10/07 | University of Texas at Austin |
| 26 | Department of Education | $9,580.00 | 8/20/07 | University of Texas at Austin |
| 27 | Department of Education | $5,126.00 | 8/20/07 | University of Texas at Austin |
| 28 | Department of Education | $1,568.00 | 9/12/07 | University of Texas at Austin |

Plaintiff's First Amended Complaint to Determine Dischargeability of Debt

| 29 | Department of Education | $1,806.00 | 9/17/07 | University of Texas at Austin |
| 30 | Department of Education | $2,420.00 | 9/17/07 | University of Texas at Austin |
| 31 | Department of Education | $1,014.00 | 10/15/07 | University of Texas at Austin |
| 32 | Department of Education | $4,066.00 | 1/4/08 | University of Texas at Austin |
| 33 | Department of Education | $5,722.00 | 6/3/08 | University of Texas at Austin |
| 34 | Department of Education | $3,180.00 | 6/3/08 | University of Texas at Austin |
| 35 | Department of Education | $5,722.00 | 6/3/08 | University of Texas at Austin |
| 36 | Department of Education | $3,180.00 | 6/3/08 | University of Texas at Austin |
| 37 | Department of Education | $4,007.00 | 8/19/08 | University of Texas at Austin |
| 38 | Department of Education | $4,007.00 | 8/19/08 | University of Texas at Austin |
| 39 | Department of Education | $4,443.00 | 8/19/08 | University of Texas at Austin |
| 40 | Department of Education | $6,664.00 | 10/23/08 | University of Texas at Austin |
| 41 | Department of Education | $14,891.00 | 1/13/09 | University of Texas at Austin |
| 42 | Department of Education | $1,432.00 | 3/11/09 | University of Texas at Austin |

| No. | Creditor | Original Amount | Disbursement Date | College Attended |
|---|---|---|---|---|
| 43 | Department of Education | $7,876.00 | 6/4/09 | University of Texas at Austin |
| 44 | Department of Education | $6,540.00 | 6/22/09 | University of Texas at Austin |
| 45 | Department of Education | $9,807.00 | 6/22/09 | University of Texas at Austin |
| 46 | Department of Education | $29,398.00 | 8/18/09 | University of Texas at Austin |
| 47 | Department of Education | $1,665.00 | 8/18/09 | University of Texas at Austin |
| 48 | Department of Education | $1,194.00 | 9/24/09 | University of Texas at Austin |
| 49 | Department of Education | $1,378.00 | 2/10/10 | University of Texas at Austin |
| 50 | Department of Education | $1,492.00 | 3/3/10 | University of Texas at Austin |
| 51 | Department of Education | $12,370.00 | 6/22/10 | University of Texas at Austin |
| 52 | Department of Education | $764.00 | 8/11/10 | University of Texas at Austin |

| No. | Creditor | Original Amount | Disbursement Date | College Attended |
|---|---|---|---|---|
| 53 | National Collegiate Student Loan Trust | $24,864.86 | 8/23/06 | University of Texas at Austin |
| 54 | National Collegiate Student Loan Trust | $25,243.24 | 6/12/07 | University of Texas at Austin |

| | | | | |
|---|---|---|---|---|
| 55 | National Collegiate Student Loan Trust | $25,243.24 | 7/31/07 | University of Texas at Austin |
| 56 | JP Morgan Chase, NA | $17,724.45 | 8/7/08 | University of Texas at Austin |

| No. | Creditor | Original Amount | Disbursement Date | College Attended |
|---|---|---|---|---|
| 57 | Navient Private Loan Trust | $14,910.00 | 8/18/06 | University of Texas at Austin |
| 58 | Navient Private Loan Trust | $17,040.00 | 12/28/06 | University of Texas at Austin |
| 59 | Navient Private Loan Trust | $34,603.98 | 7/9/07 | University of Texas at Austin |

11.     Of the aforementioned student loans, payment of numbers 1 through 52 are guaranteed by the federal government, while numbers 53 through 59 are unsecured private loans.

12.     Regarding loans, numbered 1 through 52, their repayment was in school deferment until August 21, 2010, at which time the grace period began, from August 22, 2010 until February 16, 2011.  Plaintiff then began the standard payment period consisting of $1,470.36 per month.[1] Plaintiff had to go into unemployment deferment from February 17, 2011 until September 4, 2011. Unable at that point to afford the $1,470.36 per month, Plaintiff had to resort to on and off general forbearances as follows: September 6, 2011 to March 25, 2012; March 25, 2012 to April 23, 2013; October 23, 2013 to December 8, 2013; and January 1st, 2014 to February 28, 2014.

---

[1] The 52 loans have been consolidated into 17 current debts, and this payment consists of the total consolidated payment for all federally guaranteed student loans.  Plaintiff does not know the amounts owed for each of the individual loans.

This loan was included in the Federal Consolidation in February 12, 2014. In March 1, 2014, Plaintiff started an IBR (Income Based Repayment) at which time his required payment was calculated at $0.00 per month until December 31, 2014. At the end of the IBR the Plaintiff had to resort to forbearances as follows: July 1, 2015 to October 31, 2015; and October 31, 2015 to January 31, 2016.  Plaintiff applied for another IBR which resulted in a payment of $202.61 per month.  Unable to afford such payment, Plaintiff went into forbearance again from April 1, 2016 to July 31, 2016, and then September 30, 2016, at which time he entered into bankruptcy.

13.     Regarding loan number 53 of $24,864.86 debt, its repayment was deferred until August 21, 2010, at which time the Plaintiff had to rely in several deferments and forbearances through March, 2013, at which time Plaintiff began paying $298.58 per month.  He continued to pay $298.58 per month, until April 2016, at which point he could no longer afford further payments.

14.     Regarding loan number 54 of $25,243.24 debt, its repayment was deferred until August 21, 2010, at which time the Plaintiff had to rely in several deferments and forbearances through March, 2013, at which time Plaintiff began paying $278.61 per month.  He continued to pay $278.61 per month, until April 2016, at which point he could no longer afford further payments.

15.     Regarding loan number 55 of $25,243.24 debt, its repayment was deferred until August 21, 2010, at which time the Plaintiff had to rely in several deferments and forbearances through March, 2013, at which time Plaintiff began paying $274.89 per month.  He continued to pay $274.89 per month, until April 2016, at which point he could no longer afford further payments.

16.     Regarding loan number 56 of $17,724.45 debt, its repayment was deferred until August 21, 2010, at which time the Plaintiff had to rely in several deferments and forbearances through March, 2013. At that time the Plaintiff began paying $189.54 per month.  He continued to pay $189.54 per month, until April 2016, at which point he could no longer afford further payments.

17.     Regarding loan No. 57 of $14,910.00 debt, its repayment was deferred until August 21, 2010, at which time the Plaintiff had to rely in several deferments and forbearances through October 2013, at which time Plaintiff began paying $ 320.00 per month.  He continued to pay $ 320.00 per month, until March 31, 2014, at which time the Plaintiff entered into a temporary payment reduction agreement with the lender for $144.57 per month. He continued to pay $144.57 until April 2016, at which point he could no longer afford further payments.

18.     Regarding loan number 58 of $17,040.00 debt, its repayment was deferred until August 21, 2010, at which time the Plaintiff had to rely in several deferments and forbearances through October 2013, at which time Plaintiff began paying $ 380.00 per month.  He continued to pay $ 380.00 per month, until March 31, 2014, at which time the Plaintiff entered into a temporary payment reduction agreement with the lender for $161.12 per month. He continued to pay $161.12 until April 2016, at which point he could no longer afford further payments.

19.     Regarding loan number 59 of $34,603.98 debt, its repayment was deferred until August 21, 2010, at which time the Plaintiff had to rely in several deferments and forbearances through October 2013, at which time Plaintiff began paying $ 620.00 per month.  He continued to pay $ 620.00 per month, until March 31, 2014, at which time the Plaintiff entered into a temporary payment reduction agreement with the lender for $335.50 per month. He continued to pay $335.50 until April 2016, at which point he could no longer afford further payments.

20.     At present, Plaintiff owes more than $600,000 for the aforementioned student loans, at a weighted average interest rate of 6.54%, yielding an interest payment/accrual of $39,579.59 per year.

21.     In addition to his student loans, Plaintiff has an additional approximately $66,313.93 in unsecured and secured debt for which he is surrendering the collateral, which is reflected in his Voluntary Chapter 7 Bankruptcy Petition.

**First Cause of Action:**
**Plaintiff Is Entitled to a Discharge of**
**Federally Guaranteed Student Loans Based on Undue Hardship**

*Applicable Law*

22.     A student loan may be discharged if payment of the debt will impose an undue hardship on the debtor and the debtor's dependants.  11 U.S.C. § 523(a)(8)(B).  The Fifth Circuit has adopted the three-prong test for determining undue hardship set forth in the Second Circuit decision in *Brunner v. New York State Higher Education Services Corporation.* 831 F.2d. 395 (2d.Cir. 1987).  The *Brunner* test requires a showing that (1) the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for the debtor and the debtor's dependents if forced to repay the student loans; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) the debtor has made good faith efforts to repay the loans.  *In re Gerhardt*, 348 F.3d 89 (5th Cir. 2003).

*Facts*

23.     Plaintiff's student loan debt is accruing interest at an average rate of 6.54 percent per year.  This amounts to $ 605,192.48.  His minimal monthly living expenses are $2,000.00, and his child support obligation is presently $785.00. The total student loan debt has applied to it a weighted average interest rate of 6.54%, yielding an interest payment/accrual of $39,579.59 per year.

24.     Plaintiff was diagnosed with depression in the summer of 2011, and was at one time taking a 100 mg dosage of fluoxetine.  Despite Plaintiff's best efforts to secure and maintain employment, this may have affected such efforts.

25.     Plaintiff's current living expenses have been minimized to the lowest amount possible, and are not sustainable indefinitely.  He is living with his brother, and therefore incurring only approximately $770.00 in rent and utilities expenses.  He has been unable to make his car note payment for 5 months, and is surrendering the car to the creditor.  He will for an indefinite period be relying on public transportation and rides or loans from friends.  His brother has recently married, and he will have to at some point secure his own housing.  As well, once he is able to find new employment, he will have to purchase another car, thus incurring another car note.  The aforementioned considered, Plaintiff estimates his realistic minimal monthly expenses to be $3,500, which includes approximately $1,200 for housing and $420 for transportation.

26.     With the present economy, and Plaintiff's work history, it cannot be determined that Plaintiff will be able to secure employment with a salary of the same level of his last employed position.  He was making $62,400 when he was laid off from Deloitte.  Even at that salary, however, Plaintiff would never be able to even pay the interest on these loans, and at the same time maintain even a modest standard of living.

**Second Cause of Action:**
**Plaintiff is Entitled to a Discharge of the Private Student Loans Because**
**They Are Not "Qualified Educational Loan"**

*Applicable Law*

27.     Only "qualified education loans" are nondischargeable.  11 U.S.C. § 523(a)(8)(B).  The indebtedness must be incurred solely to pay qualified higher education expenses.  26 U.S.C. § 221(d)(1).  Private loans that fund expenses beyond what the educational institution determines

to be the reasonable costs of attendance should be considered "mixed use" loans and therefore wholly dischargeable.

*Facts*

28.     For the 2001-2002 school year, Plaintiff's cost of attendance was $9,483. For that year, Plaintiff was given student loans as follows:

29.     Loan No. 1 from 2/14/02 was incurred while Plaintiff was enrolled in the Master's in Music program at The University of Texas at Austin.  This was for the 2001-2002 school year.  At that time, the school's cost of attendance was $9,483.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit A.

30.     Loan No. 2 from 2/22/02 was incurred while Plaintiff was enrolled in the Master's in Music program at The University of Texas at Austin.  This was for the 2001-2002 school year.  At that time, the school's cost of attendance was $9,483.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit A.

31.     Loan No. 3 from 5/6/02 was incurred while Plaintiff was enrolled in the Master's in Music program at The University of Texas at Austin.  This was for the 2001-2002 school year.  At that time, the school's cost of attendance was $9,483.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit A.

32.     Loan No. 4 from 5/6/02 was incurred while Plaintiff was enrolled in the Master's in Music program at The University of Texas at Austin.  This was for the 2001-2002 school year.  At that time, the school's cost of attendance was $9,483.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit A.

33.     Loan No. 5 from 5/28/02 was incurred while Plaintiff was enrolled in the Master's in Music program at The University of Texas at Austin.  This was for the 2001-2002 school year.

At that time, the school's cost of attendance was $9,483.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit A.

34.    The total amount borrowed for the aforementioned school year was $15,455.

35.    For the 2002-2003 school year, Plaintiff's cost of attendance was $24,126. For that year, Plaintiff was given student loans as follows:

36.    Loan No. 6 from 8/19/02 was incurred while Plaintiff was enrolled in the Master's in Music program at The University of Texas at Austin.  This was for the 2002-2003 school year. At that time, the school's cost of attendance was $24,126.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit B.

37.    Loan No. 7 from 8/19/02 was incurred while Plaintiff was enrolled in the Master's in Music program at The University of Texas at Austin.  This was for the 2002-2003 school year. At that time, the school's cost of attendance was $24,126.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit B.

38.    The total amount borrowed for the aforementioned school year was $16,964.

39.    For the 2003-2004 school year, Plaintiff's cost of attendance was $16,524. For that year, Plaintiff was given student loans as follows:

40.    Loan No. 8 from 8/18/03 was incurred while Plaintiff was enrolled in the Master's in Music program at The University of Texas at Austin.  This was for the 2003-2004 school year. At that time, the school's cost of attendance was $16,524.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit C.

41.    Loan No. 9 from 8/18/03 was incurred while Plaintiff was enrolled in the Master's in Music program at The University of Texas at Austin.  This was for the 2003-2004 school year.

At that time, the school's cost of attendance was $16,524.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit C.

42.    Loan No. 10 from 5/26/2004 was incurred while Plaintiff was enrolled in the Master's in Music program at The University of Texas at Austin.  This was for the 2003-2004 school year. At that time, the school's cost of attendance was $16,524.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit C.

43.    The total amount borrowed for the aforementioned school year was $20,644.

44.    For the 2004-2005 school year, Plaintiff's cost of attendance was $23,888. For that year, Plaintiff was given student loans as follows:

45.    Loan No. 11 from 8/18/04 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2004-2005 school year.  At that time, the school's cost of attendance was $23,888.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit D.

46.    Loan No. 12 from 8/18/04 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2004-2005.  At that time, the school's cost of attendance was $23,888.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit D.

47.    Loan No. 13 from 10/10/04 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2004-2005.  At that time, the school's cost of attendance was $23,888.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit D.

48.    Loan No. 14 from 2/24/05 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2004-

2005.  At that time, the school's cost of attendance was $23,888.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit D.

49.    The total amount borrowed for the aforementioned school year was $18,500.

50.    For the 2005-2006 school year, Plaintiff's cost of attendance was $8,863. For that year, Plaintiff was given student loans as follows:

51.    Loan No. 15 from 1/24/06 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2005-2006.  At that time, the school's cost of attendance was $8,863.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit E.

52.    Loan No. 16 from 1/24/06 was incurred while Plaintiff was enrolled in the Master's in Music and Master's in Business Administration program at The University of Texas at Austin. This was for the 2005-2006.  At that time, the school's cost of attendance was $8,863.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit E.

53.    Loan No. 17 from 1/30/06 was incurred while Plaintiff was enrolled in the Master's in Music and Master's in Business Administration program at The University of Texas at Austin. This was for the 2005-2006.  At that time, the school's cost of attendance was $8,863.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit E.

54.    Loan No. 18 from 6/23/06 was incurred while Plaintiff was enrolled in the Master's in Music and Master's in Business Administration program at The University of Texas at Austin. This was for the 2005-2006.  At that time, the school's cost of attendance was $8,863.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit E.

55.    Loan No. 19 from 6/23/06 was incurred while Plaintiff was enrolled in the Master's in Music and Master's in Business Administration program at The University of Texas at Austin.

This was for the 2005-2006.  At that time, the school's cost of attendance was $8,863.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit E.

56.     The total amount borrowed for the aforementioned school year was $20,950.

57.     For the 2006-2007 school year, Plaintiff's cost of attendance was $31,591. For that year, Plaintiff was given student loans as follows:

58.     Loan No. 20 from 9/1/06 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2006-2007.  At that time, the school's cost of attendance was $31,591.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit F.

59.     Loan No. 21 from 9/1/06 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2006-2007.  At that time, the school's cost of attendance was $31,591.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit F.

60.     Loan No. 53 from 8/23/06 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2006-2007.  At that time, the school's cost of attendance was $31,591.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit F.

61.     Loan No. 57 from 8/18/06 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2006-2007.  At that time, the school's cost of attendance was $31,591.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit F.

62.     Loan No. 58 from 12/28/06 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2006-

2007.  At that time, the school's cost of attendance was $31,591.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit F.

63.   Loan No. 22 from 2/8/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2006-2007.  At that time, the school's cost of attendance was $31,591.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit F.

64.   Loan No. 23 from 2/8/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2006-2007.  At that time, the school's cost of attendance was $31,591.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit F.

65.   Loan No. 24 from 7/9/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2006-2007.  At that time, the school's cost of attendance was $31,591.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit F.

66.   Loan No. 25 from 7/10/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2006-2007.  At that time, the school's cost of attendance was $31,591.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit F.

67.   Loan No. 54 from 6/12/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2006-2007.  At that time, the school's cost of attendance was $31,591.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit F.

68.   The total amount borrowed for the aforementioned school year was $90,138.84.

69.    For the 2007-2008 school year, Plaintiff's cost of attendance was $36,598. For that year, Plaintiff was given student loans as follows:

70.    Loan No. 26 from 8/20/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin. This was for the 2007-2008. At that time, the school's cost of attendance was $36,598.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

71.    Loan No. 27 from 8/20/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin. This was for the 2007-2008. At that time, the school's cost of attendance was $36,598.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

72.    Loan No. 28 from 9/12/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin. This was for the 2007-2008. At that time, the school's cost of attendance was $36,598.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

73.    Loan No. 29 from 9/17/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin. This was for the 2007-2008. At that time, the school's cost of attendance was $36,598.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

74.    Loan No. 30 from 9/17/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin. This was for the 2007-2008. At that time, the school's cost of attendance was $36,598.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

75.     Loan No. 31 from 10/15/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2007-2008.  At that time, the school's cost of attendance was $36,598.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

76.     Loan No. 55 from 7/31/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2007-2008.  At that time, the school's cost of attendance was $36,598.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

77.     Loan No. 59 from 7/9/07 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2007-2008.  At that time, the school's cost of attendance was $36,598.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

78.     Loan No. 32 from 1/4/08 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2007-2008.  At that time, the school's cost of attendance was $36,598.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

79.     Loan No. 33 from 6/3/08 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2007-2008.  At that time, the school's cost of attendance was $36,598.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

80.     Loan No. 34 from 6/3/08 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2007-

2008. At that time, the school's cost of attendance was $36,598. A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

81. Loan No. 35 from 6/3/08 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin. This was for the 2007-2008. At that time, the school's cost of attendance was $36,598. A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

82. Loan No. 36 from 6/3/08 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin. This was for the 2007-2008. At that time, the school's cost of attendance was $36,598. A copy of the school's published cost of attendance is attached hereto and marked as Exhibit G.

83. The total amount borrowed for the aforementioned school year was $103,230.24.

84. For the 2008-2009 school year, Plaintiff's cost of attendance was $49,509. For that year, Plaintiff was given student loans as follows:

85. Loan No. 37 from 8/19/08 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin. This was for the 2008-2009. At that time, the school's cost of attendance was $49,509. A copy of the school's published cost of attendance is attached hereto and marked as Exhibit H.

86. Loan No. 38 from 8/19/08 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin. This was for the 2008-2009. At that time, the school's cost of attendance was $49,509. A copy of the school's published cost of attendance is attached hereto and marked as Exhibit H.

87. Loan No. 39 from 8/19/08 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin. This was for the 2008-

2009.  At that time, the school's cost of attendance was $49,509.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit H.

88.     Loan No. 40 from 10/23/08 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2008-2009.  At that time, the school's cost of attendance was $49,509.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit H.

89.     Loan No. 56 from 8/7/08 was incurred while Plaintiff was enrolled in the Master's in Business Administration program at The University of Texas at Austin.  This was for the 2008-2009.  At that time, the school's cost of attendance was $49,509.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit H.

90.     Loan No. 41 from 1/13/09 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2008-2009.  At that time, the school's cost of attendance was $49,509.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit H.

91.     Loan No. 42 from 3/11/09 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2008-2009.  At that time, the school's cost of attendance was $49,509.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit H.

92.     Loan No. 43 from 6/4/09 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2008-2009.  At that time, the school's cost of attendance was $49,509.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit H.

93.     Loan No. 44 from 6/22/09 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2008-2009.  At that time, the school's cost of attendance was $49,509.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit H.

94.     Loan No. 45 from 6/22/09 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2008-2009.  At that time, the school's cost of attendance was $49,509.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit H.

95.     The total amount borrowed for the aforementioned school year was $77,391.45.

96.     For the 2009-2010 school year, Plaintiff's cost of attendance was $56,990. For that year, Plaintiff was given student loans as follows:

97.     Loan No. 46 from 8/18/09 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2009-2010.  At that time, the school's cost of attendance was $56,990.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit I.

98.     Loan No. 47 from 8/18/09 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2009-2010.  At that time, the school's cost of attendance was $56,990.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit I.

99.     Loan No. 48 from 9/24/09 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2009-2010.  At that time, the school's cost of attendance was $56,990.   A copy of the school's published cost of attendance is attached hereto and marked as Exhibit I.

100.    Loan No. 49 from 2/10/10 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2009-2010.  At that time, the school's cost of attendance was $56,990.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit I.

101.    Loan No. 50 from 3/3/10 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2009-2010.  At that time, the school's cost of attendance was $56,990.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit I.

102.    Loan No. 51 from 6/22/10 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2009-2010.  At that time, the school's cost of attendance was $56,990.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit I.

103.    Loan No. 52 from 8/11/10 was incurred while Plaintiff was enrolled in the Master's in Professional Accounting program at The University of Texas at Austin.  This was for the 2009-2010.  At that time, the school's cost of attendance was $56,990.    A copy of the school's published cost of attendance is attached hereto and marked as Exhibit I.

104.    The total amount borrowed for the aforementioned school year was $48,261.

105.    The aforementioned loans are dischargeable because they exceed the costs of attendance, as represented by the subject institution, to such an extent that they can only be characterized as mixed use loans.

### Prayer for Relief

WHEREFORE, premises considered, Plaintiff, Andres Cantillo, seeks entry of an order declaring that his student loans, or any portion thereof, are dischargeable in his Chapter 7 bankruptcy case.

Respectfully submitted,

_____
Paul N. Moody
State Bar No. 14309600
Federal Identification No. 23475
6420 Richmond Ave., Suite 215
Houston, Texas 77057
Ph 713/977-9900
Fax 713/977-9941

**ATTORNEY IN CHARGE FOR
ANDRES CANTILLO**